IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 19-CR-3579-MV |
| ) | |
| **MICHAEL BAULDWIN,** ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSED MOTION IN LIMINE TO
ADMIT AND PUBLISH CHILD PORNOGRAPHY EXHIBITS**

The United States respectfully moves this Court in limine for an order allowing the United States to (1) admit into evidence videos of child sexual abuse material ("CSAM") that Defendant produced depicting Jane Doe, and (2) publish limited portions of the videos to the jury. Defendant's counsel opposes this motion. To the extent the Court grants this motion, or Defendant concurs in the relief sought, the United States will work with counsel for Defendant to reach an agreement as to the limited portions of the videos the United States will seek to publish.

**BACKGROUND**

On October 9, 2019, a federal grand jury returned a two-count indictment charging Defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) and 2256. Doc. 2.  The United States alleges that Defendant produced two videos depicting sexual contact with Jane Doe. The United States does not intend to publish to the jury the full length of the videos created by Defendant. Instead, the United States seeks to admit a small sample of each video, along will still photograph(s) from each for identification purposes. Following admission of a disc containing the videos in their entirety, the United States will request publication of the clip(s) and still image(s) corresponding with each count to the jury.

1

**DISCUSSION**

No doubt aware of the incriminating nature of CSAM, defendants often object to the admission of more than a few depictions, citing unfair prejudice. Alternatively, in an effort also intended to prevent publication of this evidence to the jury, defendants often offer to stipulate that the files contain child pornography. Neither an objection nor a stipulation, however, should impinge on the United States' right to fully present its evidence at trial—including the presentation of the images and videos at issue. *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000) (holding that the government is permitted to publish images of child pornography to a jury despite the defendant's offer to stipulate); *United States v. Dodds*, 347 F.3d 893, 897–98 (11th Cir. 2003) (affirming the government's presentation of 66 images of child pornography when the defendant was charged with possessing 3,400 images); *United States v. Becht*, 267 F.3d 767, 774 (8th Cir. 2001) (holding that the admission of 39 images of child pornography was proper because it tended to show that the images actually constituted child pornography, and that the defendant would have known that the images were child pornography).

I.    **The presentation of essential evidence is not unfairly prejudicial.**

Generally, the United States has broad discretion to choose what evidence to present and how to present it. *Old Chief v. United States,* 519 U.S. 172, 186–87 (1997) (explaining that it is "unquestionably true as a general matter" that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it"). Because the United States must carry the burden of proof at trial, it is only reasonable that it be afforded significant leeway in determining the most effective ways to present its evidence.

Evidence in the form of CSAM is, by its nature, highly incriminating. The material is—in and of itself—contraband. It does not follow, though, that highly incriminating evidence is also unfairly prejudicial. *See, e.g., Campos*, 221 F.3d at 1149 (upholding the district court's decision to permit the United States to show images of child pornography despite the defendant's offer to stipulate); *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) ("[C]ourts are in near-uniform agreement that the admission of child pornography images or videos is appropriate [in child pornography cases], even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography") (citing, *inter alia*, *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008)).

In the present case, the jury should not be prevented from viewing representative clips and stills of the essential evidence in this case. *See Schene*, 543 F.3d at 643 (holding that the district court did abuse its discretion when it admitted exhibits containing charged and uncharged images of child pornography despite the defendant's offer to stipulate that the images were child pornography); *United States v. Simpson,* 152 F.3d 1241, 1249 (10th Cir. 1998) (affirming the district court's decision to admit similar evidence "to prove that (1) [the defendant's] possession of child pornography on his computer was not a mistake or accident, and (2) he had knowledge of the nature of the material he was receiving"); *United States v. Burgess,* 576 F.3d 1078, 1099–1100 (10th Cir. 2009) (agreeing with the district court's decision that uncharged images of child pornography were properly admissible to show the defendant's knowledge and possession of them). Moreover, the presentation of only clips of each video will also serve to limit any danger of undue prejudice.

**II.    The United States may publish CSAM despite the existence of a stipulation.**

In seeking to avoid admittance and publication of the evidence against him, Defendant may attempt to prevent the United States from admitting or publishing the contraband material

by offering to stipulate that the videos meet the federal definition of child pornography. An offer for such a stipulation cannot, however, be used to prevent the United States from publishing the evidence to the jury. *See, e.g., Campos*, 221 F.3d at 1149 (upholding the district court's decision to permit United States to show images despite the defendant's offer to stipulate); *see also United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) (concluding that the district court abused its discretion in accepting the defendant's offer to stipulate and forbidding the United States from publishing a representative sample of the images of child pornography to the jury); *United States v. Johnson*, 456 F. Supp. 2d 1014, 1015 (N.D. Iowa 2006) ("Nothing in the United States Code as amended by the Adam Walsh Act requires the government to accept a defendant's offer to stipulate that certain images are child pornography or states that the government may not prove its case by evidence of its own choice."); *United States v. Zacherle*, No. CR-06-0100, 2008 WL 5000145, at *11 (E.D. Wash. Nov. 20, 2008) (permitting the United States to show images despite the defendant's offer to stipulate because "[t]he government bears the burden of proving each element of the offense and publishing select images to the jury is the best method . . . for the government to prove its case"); *United States v. McCourt*, 468 F.3d 1088, 1093 (8th Cir. 2006) (recognizing that it is not unfairly prejudicial to show clips of videos despite the defendant's stipulation that they contained child pornography); *United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (upholding the admission of images and videos despite the defendant's stipulation that they constituted child pornography).

The contraband videos are essential evidence of the charged offenses and may be offered in evidence. *Becht*, 267 F.3d at 774 (upholding the admission of images on a computer screen and distributed in hard copy). The jurors need to observe the depictions in order to draw inferences and conclusions regarding, among other matters, who is depicted in the videos and whether the content constitutes sexually explicit conduct. The nature and number of files is

relevant to additional considerations including identity, knowledge, intent, and absence of mistake, and may serve to counter any defense presented by Defendant. Finally, a stipulation would deprive the United States of its right to "establish the 'human significance' of the fact and 'to implicate the law's moral underpinnings.'" *Polouizzi,* 564 F.3d at 153 (quoting *Old Chief*, 519 U.S. at 187–88). The United States should not be required to minimize the essential evidence in its case against Defendant. Further, the jury should be afforded the opportunity to view and understand the true nature of the evidence and the offense charged.

## CONCLUSION

Accordingly, the United States respectfully moves this Court for an order recognizing the government's right to admit into evidence the videos containing child pornography and publish select clips and still shots to the jury.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically filed August 15, 2022*
EVA FONTANEZ
SARAH J. MEASE
Assistant United States Attorneys
Post Office Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused defense counsel, to be served by electronic means, as reflected on the Notice of Electronic Filing.

/s/
Eva M. Fontanez
Assistant United States Attorney