UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **MICHAEL BAULDWIN**, ) <br> ) <br> Defendant. ) | CRIMINAL NO. 19-CR-3579 MV |

## UNITED STATES' OPPOSED OMNIBUS MOTION *IN LIMINE*

The United States respectfully moves this Court, *in limine*, for an order prohibiting Defendant, his counsel, and any witnesses from asking any question, introducing any evidence, or making any statement or argument, directly or indirectly, regarding the following matters while the jury is present:

1. <u>Allegations of Government Misconduct</u>: This Court should act to preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct or constitutional violations, absent a good faith basis for such. Federal Rule of Evidence 403 allows the Court to:

> exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed.R.Evid. 403. Absent a proffer indicating a defendant's ability to present relevant, probative evidence relating to a "frame-up" allegation, such claims may be properly excluded by the Court. Fed.R.Evid. 401, 403; *see also United States v. Thevis,* 665 F.2d 616, 637-38 (5th Cir. 1982) (upholding district court's exclusion of "frame-up" evidence that was "marginally probative" and presented a "relatively high" risk of prejudice and confusion of the jury), *superseded by statute*

1

on other grounds as recognized in *United States v. Zlatogur,* 271 F.3d 1025, 1028 (11th Cir. 2001).

The Court should not allow Defendant to present a "frame-up defense," or other allegations of government misconduct or constitutional violations unless Defendant can articulate a good faith basis for his beliefs. Absent any evidentiary support for his accusations, it is clear that the probative value of such allegations would be substantially outweighed by the prejudice to the United States. *See* Fed.R.Evid. 403. Further, allowing Defendant to make such unsupported allegations would no doubt confuse and mislead the jury, and risk distracting mini-trials premised on Defendant's wholly unsupported, prejudicial contentions regarding law enforcement. Finally, the requested order is grounded in fairness, as the United States, under most circumstances, is not allowed to introduce any evidence obtained in violation of a defendant's constitutional rights.

2. <u>Pre-Trial Rulings</u>: Similarly, this Court should act to preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either Defendant or the government pretrial. *See* Fed.R.Evid. 401, 402, 403.

3. <u>Offers to Stipulate</u>: This Court should act to preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation. *See* Fed.R.Evid. 401, 402 and 403; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) ("It is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not

stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)).

4. <u>References to Information Known Only to Defendant or Defendant's Personal Background</u>: This Court should act to preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of Defendant, unless Defendant's counsel informs the Court that Defendant will, in fact, testify.

Similarly, this Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding non-pertinent aspects of Defendant's personal background. Defendant may attempt to introduce evidence that could improperly arouse the sympathy of the jury, such as evidence that he was previously sexually abused. Defendant's prior sexual abuse, if any, is not a defense and is irrelevant to the issues before the jury.  The court should preclude Defendant from presenting such evidence under the Federal Rules of Evidence 401, 402, and 403.

5. <u>Defense Exhibits</u>: This Court should act to preclude Defendant and his counsel from introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States and admitted into evidence by the Court.  Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Under both Rule 16 and the Discovery Order in this case, Doc. 11, Defendant is required to provide reciprocal discovery to the government.  To date, no reciprocal discovery has been received by the United States.

## CONCLUSION

Accordingly, the United States respectfully moves this Court to grant the United States' motion and order Defendant, his counsel, and all defense witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates the forgoing while the jury is present. The United States further requests that this Court instruct Defendant's counsel to inform any potential witnesses of this Court's Order—and the prohibitions included therein—prior to trial.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

    ***Electronically Filed August 15, 2022***
    SARAH J. MEASE
    EVA FONTANEZ
    Assistant United States Attorneys
    Post Office Box 607
    Albuquerque, NM 87103
    (505) 346-7274

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the following parties or counsel to be
served by electronic means.

/s/
SARAH J. MEASE