## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Case No. 19-CR-3579 MV

MICHAEL BAULDWIN,

       Defendant.

### DEFENDANT'S OPPOSED OMNIBUS MOTIONS IN *LIMINE*

COMES NOW Defendant Michael Bauldwin, by and through Assistant Federal Public Defenders Daniel Snyder, Emily Carey, and Angelica Hall, pursuant to Rules 12 and 17.1 of the Federal Rules of Criminal Procedure and the applicable Federal Rules of Evidence, seeking to exclude certain anticipated improper evidence from presentation at the trial of this case.

1.     **Exclusion of witnesses.**  Mr. Bauldwin hereby exercises his right to exclude witnesses from the presence in the Courtroom during the trial under Fed. R. Evid. 615.

2.     **Prosecution self-identification.**  Mr. Bauldwin requests the prosecution not identify itself as "representing the people of the United States" but as the "government" or some similar neutral term.  Allowing the government to use this language gives it greater weight and significance, which is misleading and potentially prejudicial to the accused citizen. Fed. R. Evid. 403.

3.     **Use of the word "victim."**  This case involves allegations that Mr. Bauldwin produced visual depictions of a minor, named in the indictment as Jane Doe, engaging in sexually explicit conduct on December 26, 2018, and February 21, 2019. Doc. 2 (Indictment, Counts 1 & 2).  Mr. Bauldwin denies these allegations and is presumed innocent of the charges against him.

1

Mr. Bauldwin asks the Court to prohibit the prosecution from using the word "victim" in describing Jane Doe.  The use of that word assumes Mr. Bauldwin's guilt of the alleged offense, usurping the function of the jury in determining guilt.  The use of the word "victim," and the underlying implication that Mr. Bauldwin is guilty of the allegation contradicts the Court's anticipated instructions to the jury and deprives Mr. Bauldwin of due process and the opportunity for fair trial.

4.      **Items discovered during search of Mr. Bauldwin's person.**   When law enforcement first contacted Mr. Bauldwin at his home on July 13, 2019, a search of his person was conducted.  That search revealed a prescription pill bottle, a folding straight razor, and electronic cigarette (e-cig) items, including e-liquid, and small bills of cash.  These items discovered during the search of Mr. Bauldwin's person are irrelevant to the charged conduct. Fed. R. Evid. 401 & 402.  Without any probative value, introduction into evidence of the fact that these items were discovered on Mr. Bauldwin's person is unfairly prejudicial. Fed. R. Evid. 403.

5.      **Exclusion of hearsay statements:** The following requests should not be construed as limiting the defense's ability to impeach any witness with inconsistent prior statements pursuant to Fed. R. Evid. 613 or affect the defense's permissible use of the statement as non-hearsay under Fed. R. Evid. 801(d)(2).

a.      **Complaining witness, Jane Doe.**   Jane Doe gave statements to law enforcement on two occasions, the first to responding law enforcement officers on July 13, 2019, and the second to The Children's Safehouse interviewers on July 15, 2019.  These interviews were recorded and provided to the defense in discovery.  The Safehouse interview was transcribed.  Mr. Bauldwin requests the Court order the exclusion of 1) testimony about any statement made by Jane Doe during these interviews, and 2) the

recorded interviews themselves, from use during the government's case-in-chief.  Jane Doe's statements to investigating authorities are heresay under Fed. R. Evid. 801; they are out-of-court statements that could only be used by the government for the truth of the matters asserted.  The statements are therefore inadmissible pursuant to Fed. R. Evid. 802, and no exception applies.  If the recorded interview is necessary to refresh the memory of the witness, it does not mean the jury is entitled to hear or view the contents of these statements.

Similarly, statements made by Jane Doe to others identified and unidentified in the government's discovery, whether to a family member, the victim advocate or others are also hearsay.  Such statements are out-of-court statements that could only be used by the government for the truth of the matters asserted. Fed. R. Evid. 801.  The statements are therefore inadmissible pursuant to Fed. R. Evid. 802, and no exception applies.

These requests should not be construed as limiting the defense's ability to impeach Jane Doe with her prior statements pursuant to Fed. R. Evid. 613 or affect the defense's permissible use of the statement as non-hearsay under Fed. R. Evid. 801(d)(2).

**b.**      **Exclusion of hearsay statements from other witnesses.**  To the extent the government calls witnesses who have previously given statements to law enforcement or prosecuting authorities or others including family and friends, whether or not such statements were recorded, the defense objects to admission of the statements themselves, admission of recordings of the statement, and any testimony regarding the contents of the statement.  Such evidence would be hearsay and inadmissible under Fed. R. Evid. 801 and 802.

c.     **Exclusion of hearsay statements from potential prior bad acts witnesses.**   To the extent the government is permitted to introduce testimony from individuals regarding prior bad acts or prior instances of sexual assault over Mr. Bauldwin's previously noted objection (Doc. 72), the defense objects to the introduction of any hearsay statements.   Witnesses may have given recorded interviews, or provided verbal or written statements to investigating authorities either recently or during the investigation of their claims.   Mr. Bauldwin objects to the introduction of any such statements as impermissible hearsay under Fed. R. Evid. 801 and 802.

6.     **Preserving Objection to use of Mr. Bauldwin's statement made to Detective Roberts.**  The Court denied Mr. Bauldwin's Sealed Opposed Motion to Suppress Statements (Doc. 46) challenging the voluntariness of Mr. Bauldwin's statements to Detective Roberts and the lawfulness of the Miranda waiver. Doc. 71.  Mr. Bauldwin has no doubt, in light of the Court's ruling of admissibility, that the government will introduce his inculpatory statements in its case-in-chief to prove identity and establish certain elements of the offenses.   Notwithstanding the Court's ruling on this matter, Mr. Bauldwin preserves his claim that the statements he made to Detective Roberts were not voluntary and were obtained in violation of his Miranda rights, and are therefore inadmissible for any purpose at trial, including for impeachment purposes.

7.     **Testimony or argument presenting sexual abuse and child pornography as a problem in the community, or over interstate communications generally and general statements about concern for the "safety of the children."**  Mr. Bauldwin requests that the government and their witnesses are precluded from any testimony about sexual assault and child pornography as a problem in the community, the online community, and over the internet generally.   The Department of Justice and law enforcement has previously made statements such

4

as, "[t]he expansion of the Internet and advanced digital technology lies parallel to the explosion of the child pornography market" and "online communities have promoted communication and collaboration between child pornography offenders, thereby fostering a larger relationship premised on a shared sexual interest in children." U.S. Department of Justice, "Subject Areas: Child Pornography" (available at: https://www.justice.gov/criminal-ceos/child-pornography)(Updated May 28, 2020).   During the interrogation of Mr. Bauldwin, Detective Roberts stated in the presence of a CYFD employee that the primary concern was the "safety of the children" and also questioned Mr. Bauldwin about whether law enforcement needed to be concerned about diseases and pregnancy.   Such statements are not relevant, as they have no tendency to make the fact of this particular alleged production more or less probable. Fed. R. Evid. 401.   Even if the Court were to consider such statements relevant, any probative value is far outweighed by a danger of unfair prejudice to Mr. Bauldwin, confusing the issue before the jury (i.e. the issue of Mr. Bauldwin's guilt or innocence specifically versus the issue of sexual abuse and production of child pornography in the community and online), and a waste of time. Furthermore the government should be precluded from charging the jury to "send a message." *See United States v. Taylor*, 514 F.3d 1092, 1104 (10th Cir. 2008)("[A] prosecutor's appeal to the jury to assist in solving a pressing social problem by convicting [the] defendant was improper.").

8.   **Use of the word "pornography".** Terms "pornography" identifying non-contraband materials and "child pornography" identifying contraband materials and are legally specialized terms which track the statutory and common-law language. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-246, 122 S. Ct. 1389 (2002); *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607 (1973).   Due to the technical and specialized nature of the terms "pornography" and "child pornography" and their derivatives and the inferences that can be drawn from the

5

opinion labeling materials as "pornography" and "child pornography," Mr. Bauldwin objects to the use of these terms by government lay and expert witnesses. *See United States v. Wood*, 207 F.3d 1222, 1236 (10th Cir. 2000) (*citing United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) ("A prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea."); *United States v. Buchanan*, 787 F.2d 477, 484 (10th Cir. 1986)(citing *Frase v. Henry*, 444 F.2d 1228, 1231 (10th Cir.1971)(an opinion is not automatically objectionable because it embraces an ultimate issue of fact, however, unadorned legal conclusions are impermissible)).

9.      **Prior admonition to witnesses.**  Mr. Bauldwin requests the Court enter an Order requiring the government to admonish its witnesses as to the content of this Court's order on Defendant's motion in *limine*.

10.      Mr. Bauldwin requests the Court order the government not to mention in its opening statement or raise through witnesses or evidence, the matters raised herein, unless the Court has previously ruled on admissibility.

11.      This motion is not intended to affect Mr. Bauldwin's right to offer evidence relating to matters raised in this motion in the event he or his counsel deem such introduction appropriate.

WHEREFORE, for the foregoing reasons, Mr. Bauldwin respectfully requests the Court grant the relief requested herein.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(O): 505.346.2489 | (F): 505.346.2494

DANIEL B. SNYDER, AFPD
EMILY CAREY, AFPD
ANGELICA HALL, AFPD
Counsel for Mr. Bauldwin