UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                             No. 19-CR-3579 MV

MICHAEL BAULDWIN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Opposed Motion in Limine to Admit and Publish Child Pornography Exhibits [Dkt. 74]. Mr. Bauldwin filed a response to the government's motion in limine [Dkt. 84]. Having carefully considered the briefs, oral argument, and relevant law, and being otherwise fully informed, the Court **GRANTS** the motion.

## BACKGROUND

Mr. Bauldwin is charged with two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256. Dkt. 1. The case is set for trial on September 26, 2022. Dkt. 63. If convicted, Mr. Bauldwin faces a maximum custodial sentence of thirty years and a mandatory minimum of fifteen years imprisonment.

## DISCUSSION

In the motion, the government moves the Court for an order allowing the government "to (1) admit into evidence several videos of child sexual abuse material ("CSAM") that Defendant produced depicting Jane Doe, and (2) publish limited portions of the videos to the jury." Dkt. 74 at 1. The government alleges that Mr. Bauldwin produced two videos depicting sexual contact

with Jane Doe. *Id.* However, the government "does not intend to publish to the jury the full length of the videos created by Defendant." *Id.* It only seeks to admit "a small sample of each video, along [with] still photograph(s) from each for identification purposes." *Id.* The government argues that it "has broad discretion to choose what evidence to present and how to present it," since it must carry the burden of proof at trial. *Id.* at 2-3 (citing *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)). Thus, although "CSAM is, by its nature highly incriminating," the government argues that it is not unfairly prejudicial to present CSAM in order to meet its burden, particularly as the presentation of short representative clips and stills will "serve to limit any danger of undue prejudice." *Id.* at 3. The government also argues that it may publish CSAM despite the existence of a proposed stipulation. *Id.* at 4.

  Mr. Bauldwin opposes the motion, arguing that he is willing to stipulate that the videos depict Jane Doe engaging in sexually explicit conduct within the meaning of 18 U.S.C. § 2256. Dkt. 84 at 2. Doing so will, in his view, "address any concern about exposing jurors to the videos of child pornography." *Id.* Mr. Bauldwin also argues that, considering this proposed stipulation, "admission of the videos and stills depicting child pornography seized in this case is substantially more prejudicial than probative of any material issue." *Id.* If the Court is inclined to allow the publishing of child pornography material, Mr. Bauldwin requests that it be limited "to include only still images of any video and if video is allowed [then] no audio should accompany any of the video." *Id.* at 4. At oral argument, Mr. Bauldwin urged the Court to consider only introducing video stills accompanied by audio recordings. Rough Transcript of Pretrial Conference at 62, *United States v. Bauldwin*, 19-CR-3579 MV (D.N.M. Sept. 1, 2022).

  The Tenth Circuit has routinely concluded that it is appropriate to show images of child pornography at trial when these images are "the gist" of the government's case against a

defendant. *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008); *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000). In fact, the Tenth Circuit has not only admitted those images charged in the indictment, but also uncharged images—to the extent that they bear on the defendant's knowledge or intent. *Schene*, 543 F.3d at 643 (admitting five exhibits of images charged in the indictment, as well as three exhibits containing over seventy-eight images of child pornography that were not charged in the indictment); *United States v. Tolbert*, No. CR 14-3761 JCH, 2019 WL 2717114, at *2 (D.N.M. June 28, 2019) (admitting "all the files referenced by name in Counts 2-11 of the Superseding Indictment, as well as a subset of the child pornography Tolbert possessed on each of the two charged computers"). Here, the government only seeks to introduce those CSAM Exhibits that were charged in the indictment. *See* Dkt. 1. Moreover, by presenting only short representative clips and stills that the parties have agreed upon, the government will minimize any danger of *unfair* prejudice. *See* Fed. R. Evid. 403 (emphasis added).

The Court will thus grant the government's motion. Provided the government lays the appropriate foundation, the Court will admit into evidence the entirety of the videos that allegedly depict sexual contact between Mr. Bauldwin and Jane Doe. It will also allow the government to publish the agreed upon video portions and stills to the jury.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the government's motion [Dkt. 74] is **GRANTED**, consistent with this Memorandum Opinion and Order.

ENTERED this 2nd day of September 2022.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE