UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No. 19-CR-3579 MV

MICHAEL BAULDWIN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Opposed Motion in Limine to Permit the Victim's Presence in the Courtroom ("Victim's Presence MIL") [Dkt. 82]. Mr. Bauldwin filed a response in opposition [Dkt. 85]. Having carefully considered the briefs, oral argument, and relevant law, and being otherwise fully informed, the Court will **GRANT** the Victim's Presence MIL.

### BACKGROUND

Mr. Bauldwin is charged with two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2251(a), (e), and 2256. Dkt. 1. The case is set for trial on September 26, 2022. Dkt. 63. If convicted, Mr. Bauldwin faces a maximum custodial sentence of thirty years and a mandatory minimum of fifteen years imprisonment.

### DISCUSSION

In its Victim's Presence MIL, the government moves the Court to permit the alleged victim, Jane Doe, to be present in the courtroom during all trial proceedings. Dkt. 82 at 1. It intends to call Jane Doe in its case-in-chief and possibly in its rebuttal case. *Id.* The government

filed this motion out of an abundance of caution, specifying that Jane Doe *may* wish to remain in the courtroom for the entirety of the proceedings. *Id.* In the government's view, Jane Doe—a "crime victim"—is entitled to be present throughout the trial pursuant to the statutory exception to Federal Rule of Evidence 615 articulated in the Crime Victims' Right Act. *Id.* at 1-2 (citing Fed. R. Evid. 615; 18 U.S.C. § 3771(a)(3)). Moreover, the government contends that Mr. Bauldwin "can make no showing by clear and convincing evidence that Jane Doe's testimony will be materially altered if Jane Doe hears the testimony of other witnesses in this proceeding after [she] has testified in the United States' case-in-chief." *Id.* at 2.

Mr. Bauldwin opposes the Victim's Presence MIL, arguing that the Court should "exclude Ms. Doe from the proceedings until she is no longer a witness." Dkt. 85 at 2. Mr. Bauldwin argues that the government bears the burden to show that Jane Doe "will not 'materially alter' her testimony if she listens to other witnesses and evidence." *Id.* at 5. Moreover, he argues that the government cannot meet this burden because Jane Doe is highly likely, consciously or subconsciously, to rely on the testimony and evidence of other witnesses. *Id.* at 4-5. Additionally, Mr. Bauldwin argues that the Court should exclude Jane Doe "to protect Mr. Bauldwin's constitutional rights to a fair trial, due process and effective assistance of counsel." *Id.* at 6. Mr. Bauldwin contends that he is prepared to show evidence "that it is highly probable that Ms. Doe will 'materially alter' her testimony," if the Court decides to receive evidence from parties. *Id.* at 12. Should the Court grant the government's Victim's Presence MIL, Mr. Bauldwin requests that the Court instruct the jury as follows:

> Generally, the court excludes witnesses from sitting in the courtroom before they testify so they will not hear the testimony of other witnesses. The court does this so the witnesses will not be improperly influenced by the testimony of other witnesses and so the witnesses will not change their testimony to that which has already been presented. Ms. Doe has a right to attend the trial. She has exercised that right and she has heard other witnesses testify before she testified. You may consider that fact in deciding

whether her testimony was influenced or contaminated by the testimony of other witnesses or if she changed her testimony to match that which has already been presented.

*Id.* at 12-13 (citing *Holder v. United States*, 150 U.S. 91, 92 (1893) (where witness disobeys order of exclusion the jury may evaluate his testimony in light of his disobedience)).

Pursuant to Federal Rule of Evidence 615, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. However, "this rule does not authorize excluding . . . a person authorized by statute to be present." *Id.* at (d). One such statute is the Crime Victims' Rights Act (CVRA), which grants alleged crime victims[1] "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3); *see also* Fed. R. Crim. P. 60(a)(2) (articulating same rule); *United States v. Maldonado-Passage*, 4 F.4th 1097, 1102 (10th Cir. 2021) (same). Additionally, the CVRA provides that "the court shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal proceeding. The reasons for any decision denying relief under this chapter shall be clearly stated on the record." 18 U.S.C. § 3771(b)(1); *see also* Fed. R. Crim. P. 60(a)(2) (same).

The CVRA is silent on who bears the burden of proof to provide "clear and convincing evidence" that a victim's testimony "would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). However, given the government's duty to

---

[1] Although the CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense," other language in the statue makes it clear that the CVRA applies to *alleged* crime victims, prior to any formal adjudication of a defendant's guilt. 18 U.S.C. § 3771(e)(2)(A); *see* § 3771(a)(1) (A crime victim has "[t]he right to be reasonably protected from the accused.").

"make [its] best efforts to see that crime victims are notified of, and accorded, [their CVRA] rights," it would be illogical to find that the government bears the burden to justify the exclusion of a victim-witness. § 3771(c)(1). Accordingly, several courts have determined that the defendant bears the burden of proof. *See, e.g.*, *United States v. Jim*, No. CR 10-2653 JB, 2012 WL 119599, at *3 (D.N.M. Jan. 8, 2012) (Browning, J.) ("[T]he default rule under this statute is that a crime victim may be present in the courtroom to hear other witnesses testify. The burden thus falls to [the defendant], as the party seeking to exclude Jane Doe from the courtroom, to present clear-and-convincing evidence that her testimony will be materially altered if she is permitted to hear other witnesses testify at trial."); *United States v. Begay*, No. CR 16-2011 WJ, 2018 WL 2306977, at *1 (D.N.M. May 21, 2018) (Johnson, J.) (assigning the burden of proof to the defendant). Mr. Bauldwin largely conceded this point at oral argument. Rough Transcript of Pretrial Conference ("Transcript") at 103, *United States v. Bauldwin*, 19-CR-3579 MV (D.N.M. Sept. 1, 2022).

Mr. Bauldwin has the burden to provide "clear and convincing evidence" that Jane Doe's testimony "would be materially altered if the victim heard other testimony at that proceeding." 18 U.S.C. § 3771(a)(3). This is a high standard, which the Ninth Circuit has articulated as follows: "A mere *possibility* that a victim-witness may alter his or her testimony as a result of hearing others testify is . . . insufficient to justify excluding him or her from trial. Rather, a district court must find by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006).

In the District of New Mexico, a court has "found a sufficient basis for concern to consider exclusion" of a victim-witness on one occasion. *Begay*, 2018 WL 2306977, at *1. In

4

*Begay*, the court found that a victim-witness's "inconsistent and contradictory statements made during five interviews with Navajo officials and medical professionals" might constitute a specific reason to exclude her from the trial. *Id.* However, pursuant to a directive to "consider reasonable alternatives to the exclusion of the victim," the court consulted with the parties and approved their suggestion that Jane Doe appear as the government's first witness, "with the Government noting that any inconsistencies in her statements on rebuttal would be subject to cross-examination by defense counsel." *Id.* at *2; 18 U.S.C. § 3771(b)(1).

At oral argument Mr. Bauldwin conceded that, at this stage, the burden of proof was hard for him to meet but identified concerns regarding inconsistent statements made by Jane Doe. Tr. at 103-105. Additionally, Mr. Bauldwin reiterated that Jane Doe's age, the time elapsed since the incidents at-issue, and her interactions with law enforcement in that time render her impressionable should she hear other witness testimony before herself taking the stand, either in the government's case-in-chief or on rebuttal. Tr. 102. The Court is sensitive to these concerns and does not foreclose the possibility that an alleged victim's age and general vulnerability, coupled with the nature of the allegations and the passage of time, could make it highly likely that the testimony of other witnesses would subconsciously alter their own. But the concerns presently before the court do not establish sufficient risk to justify excluding Jane Doe from the courtroom and can be addressed via focused cross-examination. The Court therefore cannot justify, at this juncture, excluding Jane Doe from exercising her right to be present.

With respect to his constitutional argument for the exclusion of Jane Doe, Dkt. 85 at 6, Mr. Bauldwin correctly conceded at oral argument that no such right exists. Tr. At 102. *See United States v. Edwards*, 526 F.3d 747, 758 (11th Cir. 2008) (citing *Mathis v. Wainwright*, 351 F.2d 489, 489 (5th Cir. 1965) and *Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988)) ("A

5

criminal defendant has no constitutional right to exclude witnesses from the courtroom.").

It is worth noting, of course, that the government believes that this issue will be moot once Mr. Bauldwin's trial is underway. Tr. at 99-100. Should Jane Doe ultimately decide to be present at trial, the Court encourages the parties to explore reasonable alternatives to the exclusion of Jane Doe before renewing any objections. Along these lines, the Court will reserve judgement on the jury instruction proposed by Mr. Bauldwin.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Opposed Motion in Limine to Permit the Victim's Presence in the Courtroom [Dkt. 82] is **GRANTED**, consistent with this Memorandum Opinion and Order.

ENTERED this 2nd day of September 2022.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE